# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**MARGARET KATHLEEN NICKERSON-MALPHER,**  PLAINTIFF
*REAL PARTY IN INTEREST, BENEFICIARY*

v.  CIVIL ACTION NO. 3:09CV-917-H

**STATE OF MAINE,**  DEFENDANT
*THE FICTION*

## MEMORANDUM OPINION AND ORDER

Unrepresented by counsel, Plaintiff Margaret Kathleen Nickerson-Malpher, who resides in Massachusetts, filed a notice of removal, which is before this Court on initial review pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

In the notice of removal, Plaintiff states:

> This action was commenced in the DISTRICT COURT for WASHINGTON COUNTY, STATE OF MAINE, and assigned Case No. CALDC-CR-2008369 (See alleged Complaint.) This is a civil action, in commerce, with STATE OF MAINE, the fiction, claiming to be the damaged Party, asserting claims for relief pursuant to one STATE statute: 17 M.R.S.A. Sec. 1031.

(DN 1).[1]

Plaintiff removes her action pursuant to 28 U.S.C. §§ 1441(b) and 1443(1) and (2). Under § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Section 1441(a), however, specifies that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or the

---

[1] Plaintiff has filed two other similar notices of removal in this Court, which seek removal of two other cases from the District Court for Washington County in the State of Maine. *See* Civil Action Nos. 3:09CV-914-S and 3:09CV-918-S.

Defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*" (emphasis added).

Further, under § 1443,

Any of the following civil actions or criminal prosecutions, commenced in a State court *may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending*:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

(emphasis added).

Although the Western District of Kentucky is not "the district court of the United States for the district and division embracing the place wherein [Plaintiff's state action] is pending," Plaintiff argues that "Venue is proper in this District Court" because

Any/all U.S. District Courts have original jurisdiction of this action because the U.S. District Court, Maine has violated the Open Court Standard precluding Plaintiff from filing this removal in direct violation of the Constitution. Plaintiff has exhausted all state remedies. Plaintiff has filed a Lawsuit (Complaint) against the United States dba Corporation where U.S.D.C. Maine Judges are listed. Therefore, this case cannot be heard in U.S.D.C. Maine.

Plaintiff, however, offers no legal authority in support of her argument, and the removal statutes are unambiguous as to the proper place of filing. Clearly, the Western District of Kentucky at Louisville is not the proper district in which to remove Plaintiff's state civil case originating in the District Court for Washington County in the State of Maine.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Upon review of the notice of removal, the Court does not find that the interests of justice would be served in transferring the action to the district in which it should have been brought.[2]

For this reason, the Court will, by separate Order, dismiss the instant action and remand it to the state court of origination.

Date:

cc: Plaintiff, *pro se*
 Clerk of District Court for Washington County,
  47 Court Street, Machias, ME 04654 (Case No. CALDC-CR-2008369)
4412.005

---

[2]Plaintiff states that removal is appropriate "particularly [under] 1443(1), (2)," but she fails to allege how either subsection of § 1443 applies to her case.